**JUDGE ANDERSEN**
**MAGISTRATE JUDGE VALDEZ**

**08 C 883**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

| | | |
|---|---|---|
| PAMELA MORRIS, | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | APR 06 2005 |
| v. | ) | MICHAEL W. DOBBINS |
| CHASE MORTGAGE SERVICES, INC., a Delaware corporation, COUNTRYWIDE HOME LOANS, INC., a New York corporation, and NEW CENTURY MORTGAGE CORPORATION, a California Corporation, | ) ) ) ) ) ) | CLERK, U.S. DISTRICT COURT <br> **05C 1990** <br> JUDGE GOTTSCHALL |
| Defendants. | ) | MAGISTRATE JUDGE MASON |

### COMPLAINT

Now Comes Plaintiff, PAMELA MORRIS, by and through her attorney, and for her complaint against these defendants states as follows:

1.   This action is brought by Plaintiff against three mortgage companies which have serviced her mortgage on her primary residence for their failures to properly apply mortgage payments made to them during a period of the transfer of the servicing of the mortgage from one lender to another. This action also seek damages against defendant Chase for its reporting of derogatory information on Plaintiff's credit reports during a time in which Plaintiff had written a qualified written letter to Chase in violation of the Real Estate Settlement Practices Act, 12 U.S.C. §2601, et seq. ("RESPA").

2.   This Court has jurisdiction over the subject matter in this suit pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 as it is a claim that is so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

3.   This Court has jurisdiction over the defendants as they are all doing business in the State of Illinois and have availed themselves of the benefits and protections of its laws.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as the defendants are all residents of this judicial district and the events giving rise to this action occurred within this judicial district.

5.   **PAMELA MORRIS** is your Plaintiff and is a resident of Dolton, Illinois.

6.   **CHASE MORTGAGE SERVICES, INC.** a/k/a Chase Manhattan Mortgage Corporation ("Chase") is a Delaware corporation with its principal place of business located in New York, New York. Chase is in the business of originating and servicing loans secured by mortgages on residential real estate in several states including Illinois.

7.   **COUNTRYWIDE HOME LOANS, INC.** ("Countrywide") is a New York corporation with its principal place of business located in Calabasas, California. Countrywide is in the business of originating and servicing loans secured by mortgages on residential real estate in several states including Illinois.

8.   **NEW CENTURY MORTGAGE CORPORATION** ("New Century") is a California corporation with its principal place of business located in Irvine, California. New Century is in the business of originating and servicing loans secured by mortgages on residential real estate in several states including Illinois.

9.   In June of 2004 Plaintiff executed a Note and Mortgage in favor of Providential Bancorp requiring her to make payments on the loan beginning on August 1, 2004. The Note is secured by a first lien on Plaintiff's primary residence in a three-unit all residential property. The Note requires Plaintiff to make monthly installment payments in the amount of $1,285.00 in repayment of the loan. Each monthly payment is due on the 1st of each month, with Plaintiff not to incur any late fees unless payment is received after the 15th of each month.

10.   Before Plaintiff's first payment came due she was instructed to make her payments to defendant New Century.

11.   As requested Plaintiff began making timely payments to New Century. Subsequently, in a letter dated October 15, 2004 New Century instructed Plaintiff to begin making loan payments directly to defendant Countrywide beginning November 1, 2004. A true and accurate copy of the October 15th letter is attached to this pleading as Exhibit A.

12. On or about November 1, 2004 Plaintiff made arrangements with her bank to tender the November payment in the amount of $1,285.00 to Countrywide as requested.

13. A few days later Plaintiff received in the mail a letter from New Century dated October 28, 2004 rescinding the request to begin payments to Countrywide and then demanding the payments continue to be made to New Century. A true and correct copy of the October 28, 2004 letter is attached as Exhibit B to this pleading.

14. Countrywide received the payment from Plaintiff's bank on November 8, 2004. A true and correct copy of the front and back of Plaintiff's bank check is attached as Exhibit C to this pleading.

15. After receipt of the October 28th letter, Plaintiff contacted New Century to inform them that the November payment had already been made to Countrywide. New Century indicated that her account was in satisfactory status and that the account notes would reflect that she made the November payment in a timely manner.

16. Subsequently, Plaintiff received another letter from New Century dated October 29, 2004, indicating that her loan had been sold to Chase Manhattan Mortgage Company and that she should make any further payments to defendant Chase beginning November 15, 2004. A true and correct copy of the October 29th letter is attached as Exhibit D to this pleading.

17. Afterwards, Plaintiff began to receive correspondence and statements from Chase. Contrary to the October 29, 2004 letter, the correspondence and statements from Chase indicated that Plaintiff owed Chase the November 1st payment, which had already been made to Countrywide. A true and correct copy of Chase's November 19, 2004 Statements is attached as Exhibit E to this pleading.

18. On November 29, 2004 Plaintiff wrote to Chase and New Century in separate letters to inform them of the errors relating to her November payment. A true and correct copy of the November 29th correspondence to Chase is attached as Exhibit F to this pleading.

19. On January 29, 2005 Plaintiff received a letter dated January 22, 2005 from Chase indicating that it was investigating Plaintiff's concerns. However, despite that letter Plaintiff also

received on that same day a letter dated January 27, 2005 from Chase indicating that Plaintiff was behind in her payments and threatening to report negative information to credit bureaus.

20.	In addition, Plaintiff receives threatening telephone calls and letters from Chase's collection agents demanding that she make the allegedly overdue payment. The collection agents threaten to report to credit bureaus that Plaintiff is behind in her payments to Chase by more than 30 days.

21.	In response to the threatening letters and telephone calls Plaintiff again wrote to Chase and New Century on January 27, 2005 to dispute their application of the November, 2004 payment. True and correct copies of the January 27, 2005 letters are attached hereto as Group Exhibit G to this pleading.

22.	Plaintiff continues to make timely payments to Chase in fulfillment of her obligation to make monthly mortgage payments. Instead of applying each payment as timely made, Chase applies each payment towards the prior month and to late fees. For instance, Plaintiff made a mortgage payment to Chase on March 8, 2005 which Chase applied to Plaintiff's February payment and accrued late fees.

23.	On information and belief, Chase's misapplication of payments arises from their demand for the November 1, 2004 payment which had already been timely made to Countrywide.

24.	On April 1, 2005 Plaintiff received copies of her credit reports from the three major credit bureaus: Experian, Equifax, and Trans Union which all included reports from Chase that Plaintiff had paid on her account with them more than 30 days delinquent in the months of January and February, 2005.

25.	On April 4, 2005 Plaintiff was notified by her Credit Union that she no longer qualified for an interest rate of 6.6%, which she was approved for on January 7, 2005 (prior to Chase reporting derogatory information), but now would have an interest rate of 7.8%, due to the reports by Chase that she was more than 30 days delinquent in the months of January and February, 2005.

26. On April 4, 2005 Plaintiff contacted Chase to request that the erroneous information be deleted from her credit reports. Plaintiff spoke with representatives of Chase in connection with her dispute, including a person identifying herself as Nancy Mitchell, Supervisor of the Pre Foreclosure Department. Plaintiff indicated to Mrs. Mitchell that she had written a letter disputing the delinquency of her account and that Chase was therefore prevented from reporting her late on her credit reports during the period of dispute. Mrs. Mitchell remarked to Plaintiff that regardless of whether Plaintiff had written a letter of dispute, if Plaintiff was paying late then Chase had the right to report her as paying late. Chase then refused to correct the errors or to remove the adverse information from Plaintiff's credit report.

27. On April 5, 2005, counsel for Plaintiff contacted Chase to request that Chase remove the derogatory information until such time as Chase complies with RESPA. Counsel spoke with an individual identifying herself as a supervisor of Chase's call center. The Supervisor verbally acknowledged that Chase had received several correspondence regarding Plaintiff's account including copies of bank statements showing Plaintiff made the November payment to Countrywide.

28. The Supervisor then requested counsel fax to her a copy of the front and back of the check to Countrywide. Counsel faxed the document while he spoke with the Supervisor who acknowledged receipt of the document during the telephone conversation.

29. Despite the acknowledgments, the Supervisor stated Chase would not remove the deragogatory information from Plaintiff's credit reports until they receive the payment from Countrywide. The Supervisor continued on to state that she had personal knowledge that New Century had sent out numerous letter to its customers informing them to pay Countrywide instead of Chase. Despite this acknowledgement the Supervisor refused to resolve Plaintiff's concerns.

## COUNT I
### FAILURE TO PROVIDE PROPER NOTICE OF TRANSFER OF LOAN SERVICING IN VIOLATION OF 12 U.S.C. §2605(b) and (c)

30. Plaintiff realleges paragraphs 1 – 29 as though they had been fully realleged herein.

31.    The Real Estate Settlement Practices Act reads in pertinent part:

**(b) Notice by transferor of loan servicing at time of transfer**

(1) Notice requirement

Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

(2) Time of notice

Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

12 U.S.C. §2605(b)

\*   \*   \*

**(c) Notice by transferee of loan servicing at time of transfer**

(1) Notice requirement

Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

(2) Time of notice

Except as provided in subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

12 U.S.C. §2605(c).

32.    Defendants have failed to provide Plaintiff with sufficient, proper or timely notice of the transfer of the servicing of the loan.

33.    Defendants' defective notice has caused Plaintiff actual damages in that her November 1, 2004 payment has not been properly applied and appears to have been retained by defendant Chase; Plaintiff has incurred late fees and penalties; and derogatory information has been reported on her credit histories with three major credit reporting agencies, causing the denial of Plaintiff's automobile loan application on acceptable terms that were available to Plaintiff prior to Chase's report.

WHEREFORE Plaintiff, PAMELA MORRIS, respectfully requests this Court enter judgment in her favor and against defendant CHASE MORTGAGE SERVICES, INC., COUNTRYWIDE HOME LOANS, INC., and NEW CENTURY MORTGAGE CORPORATION for her actual damages in an

amount to be proven at trial; award her statutory damages in the amount of $1,000.00; award her costs of bringing this action including reasonable attorney's fees, and other relief this Court finds necessary and just.

## COUNT II
## FAILURE TO PROPERLY APPLY PAYMENTS IN VIOLATION OF 12 USC §2605(d)

34. Plaintiff realleges paragraphs 1 – 29 as though they had been fully realleged herein.

35. The Real Estate Settlement Practices Act reads in pertinent part:

**(d) Treatment of loan payments during transfer period**

During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment.

12 U.S.C. §2605(d).

36. Countrywide received Plaintiff's November payment at the direction of New Century on or about November 8, 2004.

37. Chase is required to consider Plaintiff's payment to Countrywide as timely payment on her account.

38. Chase has applied late fees to Plaintiff's account and has made reports to the three major credit bureaus indicating that Plaintiff failed to make her November payment in a timely manner.

39. Chase's violation of 12 U.S.C. §2605(d) has caused Plaintiff actual damages in that Plaintiff has incurred late fees and penalties; and derogatory information has been reported on her credit histories with three major credit reporting agencies, causing the denial of Plaintiff's automobile loan application on acceptable terms that were available to Plaintiff prior to Chase's report.

WHEREFORE Plaintiff, PAMELA MORRIS, respectfully requests this Court enter judgment in her favor and against defendant CHASE MORTGAGE SERVICES, INC. for her actual damages in an amount to be proven at trial; award her statutory damages in the amount of $1,000.00; award her costs

of bringing this action including reasonable attorney's fees, and other relief this Court finds necessary and just.

### COUNT III
### FAILURE TO MAKE APPROPRIATE CORRECTIONS IN VIOLATION OF 12 USC 2605(e)(2)

40. Plaintiff realleges paragraphs 1 – 29 as though they had been fully realleged herein.

41. The Real Estate Settlement Practices Act reads in pertinent part:

**(2) Action with respect to inquiry**

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower)

12 U.S.C. §2605(e)(2).

42. Plaintiff's letters of November 29, 2004 and January 27, 2005 addressed separately to each defendant are qualified written requests as that term is defined by RESPA, 12 U.S.C. §2605(e)(1)(B).

43. As of the date of this filing, defendants have failed to make appropriate corrections on Plaintiff's account to reflect that she has made her mortgage payments in a timely manner and has not been delinquent by more than 30 days.

WHEREFORE Plaintiff, PAMELA MORRIS, respectfully requests this Court enter judgment in her favor and against defendant CHASE MORTGAGE SERVICES, INC., COUNTRYWIDE HOME LOANS, INC., and NEW CENTURY MORTGAGE CORPORATION for her actual damages in an amount to be proven at trial; award her statutory damages in the amount of $1,000.00; award her costs of bringing this action including reasonable attorney's fees, and other relief this Court finds necessary and just.

## COUNT IV
## REPORTING TO CREDIT BUREAUS IN VIOLATION OF 12 USC §2605(e)(3)

44.     Plaintiff realleges paragraphs 1 – 29 as though they had been fully realleged herein.

45.     The Real Estate Settlement Practices Act reads in pertinent part:

**(3) Protection of credit rating**

During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of title 15).

12 U.S.C. §2605(e)(3).

46.     Plaintiff's letters of November 29, 2004 and January 27, 2005 are qualified written requests as that term is defined by RESPA, 12 U.S.C. §2605(e)(1)(B).

47.     Chase reported derogatory information to the three major credit bureaus relating to the disputed payment during the 60 day period following Plaintiff's qualified written requests. Furthermore, on April 4th and 5th of 2005 Chase expressly refused to remove the derogatory information, regardless of the qualified written requests.

48.     Chase's report on Plaintiff's credit history has caused plaintiff to be denied credit for the purchase of an automobile on acceptable terms that were available to Plaintiff prior to Chase's reports.

WHEREFORE Plaintiff, PAMELA MORRIS, respectfully requests this Court enter judgment in her favor and against defendant CHASE MORTGAGE SERVICES, INC. for her actual damages in an amount to be proven at trial; award her statutory damages in the amount of $1,000.00; award her costs of bringing this action including reasonable attorney's fees, and other relief this Court finds necessary and just.

## Count V
## Conversion

49.     Plaintiff realleges paragraphs 1 – 29 as though they had been fully realleged herein.

50. Plaintiff has contacted Countrywide and requested that they account for the November 1, 2004 payment which it received.

51. On information and belief, defendants New Century and Chase have also contacted Countrywide to obtain the November 1, 2004 payment.

52. Countrywide has refused to return Plaintiff's money or to forward the money to New Century or Chase.

53. Instead, Countrywide has continued to control Plaintiff's funds and use them for their own purposes.

WHEREFORE Plaintiff, PAMELA MORRIS, respectfully requests this Court enter judgment in her favor and against defendant COUNTRYWIDE HOME LOANS, INC. for her actual damages in an amount to be proven at trial; award her costs of bringing this action including reasonable attorney's fees, and other relief this Court finds necessary and just.

        Respectfully Submitted,

        Plaintiff

        *Lloyd Brooks*
        _____
        Her Attorney

ARDC No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15028 Woodlawn Avenue
Dolton, Illinois 60419
(708) 849-1348 Telephone
(708) 849-1398 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Pamela Morris*


**NEW CENTURY**
MORTGAGE CORPORATION

P.O. BOX 54285, IRVINE, CA 92619-4285  (800) 561-4567  FAX(949) 797-5220

October 15, 2004

002810
LLOYD BROOKS
PAMELA MORRIS
15028 SOUTH WOODLAWN AVE
DOLTON, IL  60419-2937

Re: NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS
NEW CENTURY MORTGAGE LOAN NO: 0001611536

The servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from your present servicer, New Century Mortgage Corporation ("New Century"), to a new servicer, Countrywide Home Loans, Inc. ("Countrywide") effective November 1, 2004 (the "Effective Date" of Transfer). Please be assured that this assignment, sale or transfer of servicing of the mortgage loan from New Century to Countrywide does not in any way affect any terms or conditions of your mortgage instruments, other than terms directly related to the servicing of your loan.

The date on which New Century will stop accepting payments from you is October 31, 2004. The date on which Countrywide will start accepting payments from you is November 1, 2004. Please send all payments due on or after November 1, 2004 to Countrywide at the payment address stated below. Countrywide will be mailing you a monthly billing statement shortly. However, if you do not receive the billing statement prior to your first payment due date, please send your payment to the address below.

PAYMENTS

Countrywide Home Loans, Inc.
Payment Processing/Acquisitions
P.O. Box 10334
Van Nuys, CA 91410-0334

CORRESPONDENCE

Countrywide Home Loans, Inc.
P.O. Box 5170
Simi Valley, CA 93062-5170

Additional services offered by Countrywide are:

Automatic Payment Deductions: To sign up for this service, please contact Countrywide's Customer Service Department at (800) 669-6607.

# Exhibit A



P.O. Box 54285, Irvine, CA 92619-4285  (800) 561-4567  Fax (949) 797-5220

October 28, 2004

LLOYD BROOKS
PAMELA MORRIS
15028 SOUTH WOODLAWN AVE
DOLTON, IL 60419

Re:  NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS
     NEW CENTURY MORTGAGE LOAN NO: 0001611536

Dear Mortgagor(s):

Please disregard the transfer letter stating that your mortgage loan would be transferred on **November 1, 2004**.

Continue to make your monthly payments as they are due to New Century Mortgage Corporation. However, if you already made your payment to the servicer on the pervious letter, please advise us of the amount, date, check number or any other method of payment so we can ensure proper posting to your loan.

Please accept our sincere apology for any inconvenience this may have caused you.
Should you have any questions or concerns, you may contact the Loan Servicing Department of New Century at (800) 561-4567, between the hours of 8:30a.m – 5:30p.m., Monday through Friday.

Sincerely,

New Century Mortgage Corporation

# Exhibit B

Apr-04-05   12:27pm   From-                                                      T-327   P.002/002   F-997

**THIS IS WATERMARKED PAPER — DO NOT ACCEPT WITHOUT NOTING WATERMARK — HOLD TO LIGHT TO VERIFY WATERMARK**
PLEASE POST THIS PAYMENT FOR OUR MUTUAL CUSTOMER

Account:   0                                                              $1,285.00

PAMELA MORRIS                    Please Direct Any Questions        56-1551/441      0059662043
PD BOX 186                       To: (800) 278-8302
DOLTON, IL 60419                 Payment Processing Center
                                 P.O. Box 2994
                                 Phoenix, AZ 85062-2994              November 08, 2004
MEMO: November 04                BANK ONE
                                 DELAWARE, OH 43015

Pay ONE THOUSAND TWO HUNDRED EIGHTY FIVE AND 00/100 —————————   DOLLARS   $*****1,285.00

To                                       4462399-9                REMITTANCE VOID IF NOT CASHED WITHIN 90 DAYS.
The       COUNTRYWIDE(WOODLAWN)
Order     PD BOX 5170
Of        SIMI VALLEY, CA 93062-5170
                                                                  AUTHORIZED SIGNATURE

⑈0059662043⑈  ⑆044115511⑆  100001023⑈              ⑈000128500⑊

▶122000661◀ L
11/08/04                    CA-0
5460193927

044115511    CREDITED WITHIN
             NAMED PAYEE
             AC#12350-14980
004462399    >122000661<

ENDORSE HERE
DO NOT WRITE, STAMP, OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE
NOT ACCEPT IF WATERMARK IS ABSENT

Date Requested  4/1/2005
Requested By Checkfree

Date           MICR           Check       Check          Block /
Processed      Account #      Number      Amount         Sequence
11/9/2004      100001023      59662043    $1,285.00      078956351

# Exhibit C


**NEW CENTURY**℠
MORTGAGE CORPORATION

P.O. Box 54285, Irvine, CA 92619-4285 (800) 561-4567 Fax (949) 797-5220

October 29, 2004

LLOYD BROOKS
PAMELA MORRIS
15028 SOUTH WOODLAWN AVE
DOLTON, IL 60419

Re:  NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS
NEW CENTURY MORTGAGE LOAN NO: 0001611536

Dear Mortgagor(s):

You were previously notified in a letter dated October 11, 2004, that your loan was transferring from New Century Mortgage Corporation ("New Century") to another servicer. This information was incorrect. Your loan will be transferring to Chase Manhattan Mortgage Corporation ("Chase") effective **November 15, 2004** (the "Effective Date" of Transfer). We apologize for any inconvenience this may have caused. Please be assured that this assignment, sale or transfer of servicing of the mortgage loan from New Century to Chase does not in any way affect any terms or conditions of your mortgage instruments, other than terms directly related to the servicing of your loan.

The date on which New Century will stop accepting payments from you is November 14, 2004. The date on which Chase will start accepting payments from you is November 15, 2004. Please send all payments due on or after November 15, 2004 to Chase at the payment address stated below. Chase will be mailing you a monthly billing statement shortly. However, if you do not receive the billing statement prior to your first payment due date, please send your payment to the address below.

| PAYMENTS | CORRESPONDENCE |
|---|---|
| Chase Manhattan Mortgage Corporation | Chase Manhattan Mortgage Corporation |
| Attention: Financial Processing Dept. | Attention: Customer Care Dept., Dept 310 |
| P.O. Box 501580 | P. O. Box 509011 |
| San Diego, CA 92150-1580 | San Diego, CA 92150-9011 |

Additional services offered by Chase are:

Automatic Payment Deductions: To sign up for this service, please contact Chase's Customer Care Department at 800-548-7912.




**NEW CENTURY**℠
MORTGAGE CORPORATION

P.O. Box 54285, Irvine, CA 92619-4285  (800) 561-4567  Fax (949) 797-5220

Escrow: If you have an escrow/impound account, Chase will review it annually. Your payment will then be adjusted to ensure that there will be sufficient funds to cover your taxes and/or insurance premiums when they are due.

Internal Revenue Reporting: New Century will send you an interest statement for the period in 2004 in which New Century serviced your loan. In January 2005 and each year thereafter, Chase will provide you with an interest statement for the payments you made on your loan on or after the Effective Date of Transfer. The statement will also reflect the amount disbursed for property taxes, if you have an escrow/impound account for payment of taxes.

Customer Service: If you have any questions related to the transfer of the servicing from your present servicer, you may contact the Loan Servicing Department of New Century at 800-561-4567, between the hours of 8:30 a.m. to 5:30 p.m., (PT), Monday through Friday. If you have any other questions related to the transfer of servicing to your new servicer, you may contact Chase's Customer Care Department at 800-548-7912, between the hours of 8:00 A.M. and 8:00 P.M. (ET) Monday through Friday.

Sincerely,

New Century Mortgage Corporation

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the Effective Date of Transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after the Effective Date of Transfer.

"During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your previous servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name, account number, and your reasons for the request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions. Section 6 of RESPA also provides for damages and cost for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of this Section. You should seek legal advice if you believe your rights have been violated."

# CHASE

**THE RIGHT RELATIONSHIP IS EVERYTHING.®**

| | |
|---|---|
| Customer Care Phone: | 1-800-548-7912 |
| Please send payments ONLY to: | PO BOX 78116 |
| | PHOENIX AZ 85062-8116 |
| Hearing Impaired (TDD): | 1-800-582-0542 |

041128 2005 CHASE01R AC2005 SD 3,665
#BWNJYGP
#8580018760330111#          3,665 NL

LLOYD BROOKS
PAMELA MORRIS
15028 SOUTH WOODLAWN AVE.
DOLTON, IL 60419-2937

## MORTGAGE LOAN STATEMENT

| | |
|---|---|
| Loan Number : | 0018760330 |
| Statement Date : | 11/19/04 |
| Payment Due Date : | 12/01/04 |
| Property Address : | |
| 15028 SOUTH WOODLAWN AVE, DOLTON IL 60419 | |
| Home Phone #1 : | (708) 849-8660 |
| Home Phone #2 : | (708) 849-8660 |
| Business Phone #1 : | (312) 443-1895 |
| Business Phone #2 : | (000) 000-0000 |

**Loan Information**

| | |
|---|---|
| Last Payment Received: | 00/00/00 |
| Interest Rate: | 6.750% |
| Principal Balance on 11/19/04 | $197,483.36 |
| Escrow/Impound Bal on 11/19/04 | $0.00 |
| **Amount Due:** | **$2,568.44** |

---

## LOAN STATUS

**CURRENT PAYMENT DUE BY 12/01/04**

| | |
|---|---|
| Principal & Interest | $1,284.22 |
| +Escrow/Impound | $0.00 |
| +Optional Insurance | $0.00 |
| **Current Payment** | **$1,284.22** |

**PAST DUE PAYMENTS AND CHARGES**

| | |
|---|---|
| Past Due Payment (s) | $1,284.22 |
| +Late Charges | $0.00 |
| +Returned Check Fees | $0.00 |
| **Past Due Payments and Other Charges** | **$1,284.22** |

**PAYMENTS and CHARGES DUE:** **$2,568.44**

---

## IMPORTANT MESSAGES

**VERY IMPORTANT -- This is your Mortgage Loan Statement.
Be sure to use the Statement Coupon below to pay your loan payment.**

Our records indicate that your loan is past due. Please remit the full amount of Payments and Charges Due as indicated on the payment coupon below.
Chase Home Finance is attempting to collect a debt and any information obtained will be used for that purpose.

Please refer to the back of this statement for important information about your account.

*Chase Direct Check is a quick and convenient payment option. Make sure your payment is made on time, and avoid late fees with one simple phone call. Your mortgage payment will be processed the next business day. To use this service, call Chase Direct Check at 1-800-548-7912 and select Option 2. A service fee may apply.*

Please detach and return the bottom portion of this statement with your payment using the enclosed envelope

# Exhibit E

*From the desk of ...*
## *Pamela Morris*
15028 S. Woodlawn, Dolton, Ill, 60419
puffpuffgive@comcast.net
708/849-8660 home-708/849-8108 fax- 708/325-1825 pgr.

Monday, November 29, 2004

To:   Chase Home Finance
      P.O Box 78116
      Pheonix, AZ 85062-8116

Re:   Mortgage Loan Statement for 12/1/04

Via:  Fax (614/422-2501)

To Whom It May Concern:

The mortgage statement that I received for the mortgage payment that is due on December 1, 2004 is incorrect. This statement shows that an amount of $1284.22 is due to you for the November 2004 payment along with an additional $1284.22 due for the December 2004 payment. This is incorrect. The November 2004 payment was made to Countrywide Home Loans on November 8, 2004 per instructions received by our former mortgage company New Century.

In a letter dated October 15, 2004 from New Century Mo Co., I was informed that my loan had been sold to Country Wide Home Loans Inc and that all correspondence regarding this mortgage including mortgage payments should be directed to Country Wide Home Loans beginning November 1, 2004.
This information was then rescinded by New Century Mo Co. in a letter dated October 28, 2004. Upon receipt of this same letter from New Century Mo Co., I called the mortgage company (I spoke to representative Alejandra) to inform them that the payment was already sent to Country Wide Home Loans. Alejandra noted this information in my account and assured me that everything was taken care of.

In a letter dated October 29, 2004 from New Century Mo Co., I was informed that my loan had been sold to Chase Manhattan Mortgage Company and that as of November 1, 2004 all correspondence regarding this mortgage including mortgage payments (including the November 2004 payment) should be directed to Chase Manhattan Mo Co.

**Exhibit F**

Please keep in mind that the date of the letters from New Century Mo. Co. and the date of receipt are not the same, the date of receipt is at least three to seven days after the date on the letters from New Century Mo. Co.

Please correct these errors on this statement and on all future statements. Please also be sure that these errors do not have a negative impact on the credit reports of Mr. Brooks and me. If you have any questions, please feel free to call.

Sincerely,


Pam Morris
p/m
Enc.   Letters from New Century Mo.Co. Dated October 15th, 28th and 29th (3 total).

*From the desk of ...*

## Pamela Morris

15028 S. Woodlawn, Dolton, Ill, 60419
puffpuffgive@comcast.net
708/849-8660 home- 708/849-8108 fax- 708/325-1825 pgr.

Thursday, January 27, 2005

To:   New Century Mortgage Corporation

Re:   Loan Number 1611536

To Whom It May Concern:

This letter is in response to your letter dated January 11, 2005 requesting proof of payment for the November 2004 payment of my mortgage. Please find attached the first page of my November 2004 bank statement from LaSalle Bank. Under the heading Other Withdrawals and Deposits, dated November 8, 2004, you will see that a payment was made to Countrywide Mortgage for $1285. Please verify this information with our new mortgage company Chase Manhattan (Loan Number 18760330) as they continue to harass me via telephone and mail about this payment. Your cooperation is greatly appreciated.

Sincerely,


Pam Morris

**LaSalle Bank N.A.**
135 South LaSalle Street
Chicago, Illinois 60603
Member FDIC
Toll-free (866) 904-7222
En Español (866) 904-9910
**MONTHLY CLIENT UPDATE**



096
PAMELA N MORRIS
AND LLOYD J BROOKS
15028 WOODLAWN AVE UNIT 2
DOLTON IL 60419-2815

Statement Date:       11/19/04
Page 1 of 3
Account Number       5305438581

**BASIC CHECKING:**        5305438581
Statement Period:   10/22/04 - 11/19/04
Average Balance:            4,725.25

Beginning Balance:              5,907.81
Deposits and Additions:         3,847.00
Checks/Debits/Fees:             4,319.92
Ending Balance:                 5,434.89

### Checks

| Date | Check # | Reference | Amount | Date | Check # | Reference | Amount |
|---|---|---|---|---|---|---|---|
| 11/05/04 | 1048 | 37210057 | 1,516.69 | 11/09/04 * | 5179 | 21603375 | 126.00 |

* Indicates preceding check(s) not processed this statement period (checks could be listed below under Automated Checks).

### ATM and Point of Sale Transactions

| Date | Description | Effective Dt/Card # | Withdrawals | Deposits |
|---|---|---|---|---|
| 10/22/04 | MERCHANT PURCHASE RETURN DEBIT CARD REWARDS | 0044981649 | | 5.00 |
| 10/25/04 | MERCHANT PURCHASE SEARS ROEBUCK 1510 CALUMET CITY IL | 0044981649 | 90.64 | |
| 10/27/04 | MERCHANT PURCHASE SEARS ROEBUCK 1510 CALUMET CITY IL | 0044981649 | 57.59 | |
| 11/08/04 | ONLINE BANKING - PFM TRANSFER FROM CHECKING FROM ACCT #5300801809 | | | 446.00 |
| 11/08/04 | ONLINE BANKING - PFM TRANSFER FROM CHECKING FROM ACCT #5300801809 | | | 600.00 |

### Other Withdrawals and Deposits

| Date | Description | Withdrawals | Deposits |
|---|---|---|---|
| 11/08/04 | ICE MOUNTAIN-CEN ONLINE PMT PAR#3106518620 CKF417107491POS | 20.00 | |
| 11/08/04 | COMMONWEALTH ED ONLINE PMT PAR#3106517176 CKF417107491POS | 35.00 | |
| 11/08/04 | DIRECTV ONLINE PMT PAR#3106517453 CKF417107491POS | 90.00 | |
| 11/08/04 | COMCAST ONLINE PMT PAR#3106517073 CKF417107491POS | 95.00 | |
| 11/08/04 | HARRIS BANK ONLINE PMT PAR#3106518329 CKF417107491POS | 1,000.00 | |
| 11/08/04 | COUNTRYWIDE(WOOD ONLINE PMT PAR#3106517416 CKF417107491POS | 1,285.00 | |
| 11/16/04 | DEPOSIT | | 2,796.00 |
| 11/19/04 | SERVICE CHARGE CHECK IMAGING FEE | 1.00 | |
| 11/19/04 | SERVICE CHARGE MAINTENANCE FEE | 3.00 | |

### IMPORTANT INFORMATION

THIS YEAR, GIVE AN AMERICAN EXPRESS GIFT CHEQUE! UNLIKE STORE CARDS OR GIFT CERTIFICATES, AMERICAN EXPRESS GIFT CHEQUES CAN BE USED IN MILLIONS OF PLACES. YOUR FRIENDS AND FAMILY CAN PURCHASE WHAT THEY REALLY WANT FROM WHEREVER THEY WANT. PERFECT FOR ANY GIFT GIVING OCCASION! AVAILABLE AT ALL LASALLE BANK LOCATIONS.


EQUAL HOUSING LENDER

Continued on next page