IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA MORRIS, ) | |
| ) | |
| Plaintiff, ) | 08 cv 883 |
| ) | |
| v. ) | |
| ) | |
| CHASE HOME FINANCE, LLC, a ) | Judge Wayne R. Anderson |
| Delaware limited liability company, ) | |
| ) | Magistrate Judge Valdez |
| Defendants. ) | |

**MOTION TO STRIKE CHASE HOME FINANCE, LLC'S
<u>INSUFFICIENTLY PLEAD AFFIRMATIVE DEFENSES</u>**

Now Comes PAMELA MORRIS, by and through her attorney, Lloyd Brooks, to move this Court for the entry of a judgment on the issue of liability against defendant on Count I of Plaintiff's complaint. In support of this motion Plaintiff states as follows:

1. On March 25, 2008 Chase filed its answer to Plaintiff's Complaint including a section denominated as "Affirmative Defenses", however the entire section consists of six defenses, each plead in one sentence conclusory statements. This Court should strike the defenses as insufficiently pled. A copy of Chase's Answer is attached hereto as Exhibit A.

2. Affirmative defenses are considered pleadings and therefore must be plead with the same specificity as other pleadings. *National Acceptance Co. of America v. Regal Products, Inc.*, 155 F.R.D. 631 (E.D. Wis. 1994). According to Rule 8(d) a pleading must be concise and direct, but an affirmative defense must contain sufficient factual statements to put plaintiff on notice of the basis for the claimed defense. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.3d 1286, 1294 – 95 (7th Cir. 1989).

3. The proper manner to attack the insufficiency of Chase's affirmative defenses is through a motion to strike. *In Re Midway Airlines, Inc.*, 175 B.R. 239 (N.D. Ill. 1994). Pursuant to Fed. R. Civ. Pro. Rule 12(f) this Court may order any insufficient defense stricken.

4.  Here Chase has wholly failed to plead any facts, whatsoever, in support of their affirmative defenses. For instance, the first defense reads in its entirety "Plaintiff's complaint fails to state a claim under RESPA, 12 U.S.C. §2601 et seq." Simply denying that Plaintiff has stated a cause of action is an insufficient affirmative defense as a matter of law. *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp.2d 800 (N.D. Ill. 2000).

5.  If that were not enough, the second defense is also one sentence and reads in its entirety, "Plaintiff's claims are barred by the doctrine of unclean hands and fraud." There are no facts asserted to indicate what matters Chase is referring to, moreover any allegations of unclean hands or fraud are subject to the heightened pleading standards found under Fed. R. Civ. Pro. Rule 9(b). *Carpenter v. Ford Motor Co.*, 761 F. Supp. 62, 66 (N. D. Ill. 1991). There is no attempt by Chase to set forth sufficient allegations of fact to assert all of the elements for unclean hands or fraud.

6.  The remaining defenses suffer from similar deficiencies, as none of state any facts, but instead are one sentence legal conclusions. The affirmative defenses should be stricken as they are not properly plead and only serve to muddy the waters in this action.

WHEREFORE Plaintiff respectfully requests this Court strike Chase Home Finance, LLC's affirmative defenses.

Respectfully Submitted,

Plaintiff

ARDC No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
**Attorney for Pamela Morris**

*/s/ Lloyd Brooks*

_____
Her Attorney