IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA MORRIS, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>CHASE HOME FINANCE, LLC, a )<br>Delaware limited liability company, )<br>  )<br>Defendants. ) | 08 cv 883<br><br>Judge Wayne R. Anderson<br><br>Magistrate Judge Valdez |

### MOTION TO STRIKE CHASE HOME FINANCE, LLC'S <u>AMENDED AFFIRMATIVE DEFENSES</u>

Now Comes PAMELA MORRIS, by and through her attorney, Lloyd Brooks, to move this Court to strike Defendant's First Amended Affirmative Defenses. In support of this motion Plaintiff states as follows:

1. On March 25, 2008 Chase filed its answer to Plaintiff's Complaint including a section denominated as "Affirmative Defenses", consisting of six defenses, each plead in one sentence conclusory statements. On April 24, 2008 this Court granted Plaintiff's Motion to Strike the Affirmative Defenses and gave Chase leave to file amended defenses.

2. On May 9, 2008 Chase filed its First Amended Affirmative Defenses, however the defenses remain insufficient, in particular defenses one, two and five are insufficiently plead and should be stricken by this Court. A copy of Chase's First Amended Affirmative Defenses is attached to this motion as Exhibit A.

3. Affirmative defenses are considered pleadings and therefore must be plead with the same specificity as other pleadings. *National Acceptance Co. of America v. Regal Products, Inc.*, 155 F.R.D. 631 (E.D. Wis. 1994). According to Rule 8(d) a pleading must be concise and direct, but an affirmative defense must contain sufficient factual statements to put plaintiff on notice of the basis for the claimed defense. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.3d 1286, 1294 – 95 (7th Cir. 1989).

    4.       The proper manner to attack the insufficiency of Chase's affirmative defenses is through a motion to strike. *In Re Midway Airlines, Inc.*, 175 B.R. 239 (N.D. Ill. 1994). Pursuant to Fed. R. Civ. Pro. Rule 12(f) this Court may order any insufficient defense stricken.

    5.       In connection with defenses one, two, and five Chase has failed to plead facts in support of their affirmative defenses. For instance, the first defense reads in its entirety "Plaintiff's complaint fails to state a claim under RESPA, 12 U.S.C. §2601 et seq." Simply denying that Plaintiff has stated a cause of action is an insufficient affirmative defense as a matter of law. *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp.2d 800 (N.D. Ill. 2000).

    6.       The second defense reads in its entirety, "Plaintiff's claims are barred by the doctrine of unclean hands. Among other things the application for the loan at issue in this case contains misstatements regarding the borrowers' employment histories." Allegations of misstatements are subject to the heightened pleading standards found under Fed. R. Civ. Pro. Rule 9(b). *Carpenter v. Ford Motor Co.*, 761 F. Supp. 62, 66 (N. D. Ill. 1991).

    7.       The heightened pleading standard for defense of misstatements or fraud requires the pleader to state, at a minimum, the identity of the person making the misstatement, the misstatement made, when the misstatement was made, to whom the misstatement was made, that there was justifiable reliance upon the misstatement, and an injury from the misstatement. *Fidelity National Title Ins. Co. v. Intercounty National Title Ins. Co.*, 412 F.3d 745 (7th Cir. 2005) There is no attempt by Chase to set forth sufficient allegations of fact to assert all of the required elements.

    8.       Chase's defense does not state what the alleged misstatement is, instead Chase baldly states it is regarding employment histories, however that vague reference is insufficient for Plaintiff to respond.

9. Chase's defense does not state who made the misstatement. There are two borrowers on the subject loan, only one of which is suing. Therefore the identity of the person(s) whom allegedly made a misstatement is relevant to whether such misstatement would preclude Plaintiff from proceeding. Furthermore, Chase's defense fails to identify to whom any misstatement was made, whether Chase relied upon any such statement, and how Chase was injured by any such misstatement.

10. Chase's failure to provide basic information regarding the alleged misstatement requires its defense to be stricken.

11. The fifth defense reads "Plaintiff's claims are barred by 12 U.S.C. §2605(f)(4)." The defense fails to provide any facts, whatsoever. The defense is insufficient to put Plaintiff on notice of what that defense is based upon. Even the liberal notice pleading allowed under federal law requires Chase to state more than a one sentence legal conclusion.

WHEREFORE Plaintiff respectfully requests this Court strike Chase Home Finance, LLC's affirmative defenses one, two and five.

Respectfully Submitted,

/s/ Lloyd Brooks

_____

Her Attorney

ARDC No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
**Attorney for Pamela Morris**