IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA MORRIS, | ) |
| Plaintiff, | ) 08 cv 883 |
| v. | ) |
| CHASE HOME FINANCE, LLC, a Delaware limited liability company, | ) Judge Wayne R. Anderson |
| | ) Magistrate Judge Valdez |
| Defendants. | ) |

**LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

Now Comes PAMELA MORRIS, by and through her attorney, Lloyd Brooks, to submit the following statement s of facts in support of her motion for partial summary judgment:

1.  This Court has jurisdiction over the parties and is the proper venue for this action. (Chase Home Finance LLC's Answer to Plaintiff's Complaint, hereinafter "Chase Ans." ¶¶2, 4 – 5, attached as Exhibit A)

2.  In June of 2004 Plaintiff refinanced her home mortgage with a loan from lender named Providential Bancorp. In connection with the loan Plaintiff executed a Note requiring Plaintiff to make monthly payments beginning on August 1, 2004. The Note is secured by a first lien on Plaintiff's primary residence in a three-unit residential property. (Chase Ans. ¶8)

3.  From August 1, 2004 to November 1, 2004 Plaintiff made her regular mortgage payments to her loan servicer. (Affidavit of Pamela Morris, hereinafter "Morris Aff." ¶3, attached as Exhibit B)

4.  Subsequently Plaintiff was contacted by Chase and informed that the right to her future payment obligations had been transferred to it. (Chase Ans. ¶9)

5.      In 2005 Ms. Morris brought suit against Chase alleging she made timely payments to Chase, which reported to credit reporting bureaus that Plaintiff made each of her payments from August 1, 2004 to November 1, 2004 at least 30 days late.  Ms. Morris also alleged she contacted Chase through written letters to inquire about the discrepancies.  Despite being provided evidence of the timeliness of the August 1, 2004 through November 1, 2004 payments, including copies of cashed checks, Chase refused to correct the erroneous reports made to the credit bureaus. (Chase Ans. ¶12)

6.      Plaintiff's suit was filed in the United States District Court for the Northern District of Illinois styled <u>Pamela Morris v. Chase Mortgage Services, et al.</u>, 05 C 1990 (hereinafter "<u>Morris v. Chase I</u>").  A copy of the complaint and its exhibits for the <u>Morris v. Chase I</u> is attached hereto as Exhibit C. (Chase Ans. ¶12; Morris Aff. ¶5)

7.      <u>Morris v. Chase I</u> sought damages from Chase for its violations of the Real Estate Settlement Procedures Act, including Chase's charging of late fees to Plaintiff for payments she made to the prior servicer, and for making false reports to credit bureaus of late payments, which were in fact timely made to the prior servicer. (Chase Ans. ¶13)

8.      On or about May 13, 2005 Chase entered into a written settlement agreement with Plaintiff regarding the <u>Morris v. Chase I</u>.  The settlement agreement required Chase to submit updated reports to Equifax, Trans Union, and Experian, indicating that any negative reporting made by Chase from November 2004 through to the date of the settlement agreement should be removed.  The settlement agreement expressly stated "Chase will not re-submit the Negative Reports." (Chase Ans. ¶15, 36)

9. Under the terms of the Agreement Ms. Morris was required to release Chase from any liability for the allegations under <u>Morris v. Chase I</u>, which she complied with. (Chase Ans. ¶37)

10. In February of 2007 Plaintiff made her regular mortgage payment, however Plaintiff forgot that her mortgage payment had recently increased due to an adjustment in the interest rate being charged on the loan.  On February 28, 2007 Plaintiff received a telephone call from a Chase representative notifying her that $32.00 remained to be paid for the month of February, at which point Ms. Morris paid the amount over the telephone. (Chase Ans. ¶19; Morris Aff. ¶7)

11. In June of 2007 Plaintiff learned that her revolving line of credit account secured with a mortgage on her home had been revoked.  Plaintiff contacted the lender and was told that the reason for the revocation was a recent reduction in her credit score and because of a recent report of a 30 day late payment for her home mortgage. (Morris Aff. ¶8)

12. Plaintiff immediately contacted Chase to inquire about the late payment reporting, Plaintiff was told that an error had occurred causing a report of a 30 day late payment in February and that it would immediately retract the late payment report from her credit history.  Shortly thereafter Plaintiff received a letter in the mail to this effect from Chase. (Chase Ans. ¶22; Morris Aff. ¶9)

13. In July of 2007 Plaintiff sought to refinance her mortgage on the property, in part to pay off the balance on the revoked line of credit as well as the Chase loan and replacing them with a loan from Bank of America.  In order to make sure that all issues

with Chase had been resolved Plaintiff ordered a credit report on July 19, 2007, which did not show the February late payment reported by Chase. (Morris Aff. ¶10)

14. On or about August 8, 2007 Plaintiff received a loan commitment from Bank of America for a loan in the amount of $271,766.00. However, on September 4, 2007 Plaintiff received a loan denial from Bank of America stating that the denial was based upon information reported to Trans Union. (Morris Aff. ¶¶11, 12)

15. Plaintiff immediately requested another copy of the credit report from Trans Union, wherein Plaintiff found that Chase had not only re-reported the February 2007 late payment, but also reported that late payments had been made on the account five times prior to June of 2005. (Chase Ans. ¶38; Morris Aff. ¶13)

16. Meanwhile, on August 30, 2007 Plaintiff sought to make her August 2007 payment for the Chase loan. Plaintiff made her payment by using Chase's website. (Chase Ans. ¶26; Morris Aff. ¶14)

17. Despite Plaintiff making her August payment within 30 days of its due date, Chase began reporting to the credit reporting bureaus that Plaintiff made the payment more than 30 days late. In an effort to resolve this matter with Chase and without litigation, Plaintiff wrote to Chase on September 13, 2007 to request an investigation of the erroneous reports. The letter was received by Chase by at least September 27, 2007. (Chase ¶¶27, 28; Morris Aff. ¶16; September 13, 2007 letter from Pamela Morris to Chase Home Finance, attached as Exhibit D.)

18. Chase continued to make reports to the credit bureaus regarding Ms. Morris' account in at least October, November, and December of 2007, if not beyond. (Chase Ans. ¶29)

19.     During the month of October of 2007 Plaintiff obtained another copy of her credit report from Trans Union and noted that Chase was continuing to report the late payments for February of 2007 and January of 2005 to May of 2005.  A review of the credit report also revealed that no other late payments were reported by any other creditor on any other credit account. (Morris Aff. ¶17; Oct. 2007 Credit Report, attached as Exhibit E)

20.     In November of 2007 Plaintiff decided to make repairs to her property using other credit, namely her American Express account that had a credit limit of $34,000.  When attempting to pay for her purchases, Plaintiff was informed by the store clerk that her credit card was not being honored. Plaintiff immediately contacted American Express, who informed her that her credit limit had been reduced due to a "history of late payments."  (Morris Aff. ¶¶18, 19)

21.     Ms. Morris' loan is subject to the provisions and protections of RESPA. (Chase Ans. ¶43).

Respectfully Submitted,

*Lloyd Brooks*

_____
Plaintiff's Attorney

ARDC No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
**Attorney for Pamela Morris**