IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA MORRIS, ) | |
| ) | |
| Plaintiff, ) | 08 cv 883 |
| ) | |
| v. ) | |
| ) | |
| CHASE HOME FINANCE, LLC, a ) | Judge Wayne R. Anderson |
| Delaware limited liability company, ) | |
| ) | Magistrate Judge Valdez |
| Defendants. ) | |

## AFFIDAVIT OF PAMELA MORRIS IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Pamela Morris, am above the age of 18 and competent to testify in a court of law and if called to do so, would swear to the following:

1. I am the Plaintiff in the above captioned lawsuit and I reside at 15028 Woodlawn Avenue, Dolton, Illinois and have resided there since at least September of 2002.

2. On June 3, 2004 I refinanced the loan on my home with a loan from Providential Bancorp and executed a Note requiring me to make monthly payments beginning on August 1, 2004, which was secured by my home.

3. Although I made my loan payments on time to Chase, Chase began to report to the major credit reporting bureaus that I made each of my payments from August 1, 2004 to November 1, 2004 at least 30 days late.

4. I contacted Chase on numerous occasions to attempt to rectify this discrepancy, including through written letter and telephone conversations. Despite being provided evidence of the timeliness of the August 1, 2004 through November 1, 2004 payments, including copies of cashed checks, Chase refused to correct the erroneous reports made to the credit bureaus.

5.    I caused the filing of a lawsuit against Chase for its actions in a lawsuit filed in the United States District Court for the Northern District of Illinois styled <u>Pamela Morris v. Chase Mortgage Services, et al.</u>, 05 C 1990 (hereinafter "<u>Morris v. Chase I</u>"). A copy of the complaint and its exhibits for the Morris v. Chase I is attached hereto as Exhibit C to the Statement of Material Facts.

6.    On May 13, 2005 Chase entered into a written settlement agreement with me to resolve <u>Morris v. Chase I</u>. As a result of the written settlement agreement I released Chase from any liability for its previous reporting of the erroneous reports and dismissed Morris v. Chase I.

7.    In February of 2007 I made my mortgage payment, however on February 28, 2007 I received a telephone call from a Chase representative notifying her that $32.00 remained to be paid for the month of February, at which time I made the payment over the telephone.

8.    In June of 2007 I learned that my revolving line of credit account from Harris Bank, secured with a mortgage on my home had been revoked. Harris Bank informed me that the revocation was due to a recent reduction in my credit score and because of a recent report of a 30 day late payment for my home mortgage.

9.    I contacted Chase to inquire about the late payment reporting, I was told that an error occurred causing a report of a 30 day late payment in February and that it would immediately retract the late payment report from her credit history.

10.    In July of 2007 I applied for a loan with Bank of America to refinance the Chase loan. In order to make sure that all issues with Chase had been resolved I

obtained a credit report on July 19, 2007, which did not show the February late payment reported by Chase.

11.     On August 8, 2007 I received a loan commitment from Bank of America for a loan in the amount of $271,766.00.

12.     On September 4, 2007 I received a loan denial from Bank of America. The letter from Bank of America only cited information received from Trans Union as the reason for denial.

13.     I requested another copy of the credit report from Trans Union. I reviewed the credit report and found Chase re-submitted the information asserting a late payment in February 2007 and for five payments prior to June of 2005.

14.     On August 30, 2007 I logged onto Chase's website to make my August payment. I successfully made the payment to Chase at that time.

15.     In September, 2007 I discovered that Chase was reporting the August payment as being made more than 30 days late.

16.     In an effort to resolve this matter I wrote to Chase on September 13, 2007 to request an investigation of the erroneous reports. A true and correct copy of the September 13, 2007 letter is attached to the Statement of Facts as Exhibit D.

17.     During the month of October of 2007 I obtained another copy of my credit report from Trans Union and noted that Chase was continuing to report the late payments for February of 2007 and January of 2005 to May of 2005. A true and correct copy of the credit report is attached as Exhibit E to the Statement of Material Facts.

18.     In November of 2007 I needed to make repairs to the rental units in my property so that they would be available for rental. I intended to make the necessary

purchases using my American Express account, which had a credit limit of $34,000. However, to my embarrassment, when I went to the cashier to pay for my purchases, I was informed by the store clerk that my credit card was not being honored.

19. I contacted American Express, who informed her that my credit limit had been reduced due to a "history of late payments." The credit limit was reduced to a level, which left no available credit for future purchases.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Pamela Morris